**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. _____

SleekEZ, LLC,

    Plaintiff,

 v.

EquiGroomer, LLC

    Defendant.

---

**COMPLAINT WITH JURY DEMAND**

---

  Plaintiff SleekEZ, LLC ("SleekEZ" or "Plaintiff"), by and through its undersigned counsel, submits its Complaint and Jury Demand against EquiGroomer, LLC ("EquiGroomer" or "Defendant"), and states as follows:

**I. PARTIES**

  1. Plaintiff SleekEZ, LLC is a limited liability company having a principal place of business at 2421 Old Hardin Rd, Billings, Montana 59101.

  2. Upon information and belief, Defendant EquiGroomer, LLC is a limited liability company having a principal place of business at 13 Menlo Place, Glastonbury, Connecticut 06033.

  3. Upon information and belief, Defendant manufactures, imports into the United States, offers for sale and sells the products identified herein throughout the United States, including in the state of Colorado through retail stores and e-commerce platforms, as described in further detail below.

## II.   JURISDICTION AND VENUE

4.  This is a civil action to combat Defendant's willful infringement of SleekEZ's exclusive rights under the patent laws of the United States (35 U.S.C. § 101, *et seq*.) and to remedy Defendant's acts of trademark infringement (pursuant to 15 U.S.C. §§ 1114 and 1125(a)(1)(a)), false advertising (pursuant to 15 U.S.C. § 1125(a)(1)(b)), unfair competition (15 U.S.C. §§ 1125(a)(1)(a) and trademark infringement under the common law of Colorado.

5.  This Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because they arise under the Patent Act and the Lanham Act and relate to infringement of Plaintiff's Federal patents and trademarks.  This Court has supplemental jurisdiction over Plaintiff's common law claims pursuant to 28 U.S.C. §§ 1367.

6.  This Court has personal jurisdiction over Defendant, as Defendant has committed the acts complained of herein in this district and conducts substantial business in this district through sales to consumers and potential consumers in Colorado, including through retail stores, Defendant's storefront at www.equigroomer.com (*see* Exhibit 2) and through e-commerce sites including www.amazon.com ("Amazon").  Based upon Defendant's extensive infringing activities in Colorado over the past five years, Defendant regularly conducts business in this judicial district and has availed itself of the laws of Colorado.

7.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## III.   GENERAL ALLEGATIONS

8.  SleekEZ is engaged in the business of designing, manufacturing, selling and distributing novel grooming products for use with horses and other domesticated animals specifically targeted at the equine industry.  SleekEZ, through its continuous improvement and

2

innovation, provides products that are unique, durable and of an especially high-quality, which have generated significant goodwill amongst consumers of animal grooming products.

9. As a result of its continuous improvement and innovation, as well as substantial advertising and marketing efforts, SleekEZ has become recognized as one of the finest and most successful manufacturers of animal grooming products in the United States.  For example, SleekEZ was recognized as one of the fastest growing private companies in the United States by Inc. Magazine in 2018, and has been recognized as the best-selling product on Amazon (ranked number one in its class) for a period of nearly two years.

10. SleekEZ has also been awarded multiple patents for its novel products.  One of the patents SleekEZ has been awarded is U.S. Patent No. 9,474,250, which was issued by the U.S. Patent and Trademark Office ("USPTO") on October 25, 2016 ("the '250 Patent"). *See* Exhibit 1. The '250 Patent is directed to a novel animal grooming tool with a wave pattern blade. The '250 Patent was duly examined and is presumed valid and enforceable.  Another of the patents SleekEZ has been awarded is U.S. Patent No. D817,560, which was issued by the USPTO on May 8, 2018 ("the '560 Patent").  The '560 Patent is directed to a novel design for an animal grooming tool. The '560 Patent was duly examined and is presumed valid and enforceable.

11. SleekEZ owns all right, title and interest to the '250 and '560 Patents by duly executed assignments.  SleekEZ has paid all applicable fees and complied with all relevant USPTO rules and procedures with respect to the '250 and '560 Patents, which are presumed valid and enforceable pursuant to 35 U.S.C. § 282.

**IV.     DEFENDANT'S UNLAWFUL CONDUCT**

12. Defendant maintains a storefront at www.equigroomer.com that promotes products designed for use primarily with horses and other domesticated animals, including dogs and cats. *See* Exhibit 2; www.equigroomer.com.  For at least the past five years, Defendant has offered for

3

sale and sold grooming products throughout the United States under the names "EquiGroomer" and "EasyGroomer" that infringe upon SleekEZ's exclusive patent rights. *See* Exhibit 3.

13.     Defendant's animal grooming products, as depicted in Exhibit 3, practice multiple claimed inventions in the '250 Patent.  For example, Defendant's "EquiGroomer" and "EasyGroomer" products comprise: a handle with an elongated blade slot along a length of the handle; a blade, a portion of which is received in and secured to the blade slot; blade teeth formed along a length of the blade, the blade teeth undulating along the length of the blade to form a wave configuration.  *See* Exhibit 3.

14.     Defendant's infringing sales have been made to customers in this judicial district. Defendant also has offered for sale and sold infringing brushes through various e-commerce sites, including its own storefront and Amazon, that have been shipped to customers in Colorado.  The infringing "EquiGroomer" and "EasyGroomer" products depicted in Exhibits 2 and 3 (collectively, the "Accused Products") are offered for sale to consumers in Colorado and, upon information and belief, have been sold by Defendant through retail distribution to consumers in Colorado.

15.     SleekEZ has not licensed or given authority to Defendant or anyone else to make, have made, use, import, offer for sale or sell the products encompassed by the '250 Patent. Thus, Defendant's importation, making, having made, use, offer for sale and sale of the Accused Products is unlawful and results in infringement of SleekEZ's valuable patent rights.

16.     Defendant's infringement is and has been knowingly and intentional, resulting in Defendant's willful infringement.  SleekEZ first notified Defendant of its infringement, in writing, in 2015.  Defendant has received additional written notices of its infringement since this time. Further, after the '250 Patent issued, Defendant modified its original "EquiGroomer" product to eliminate a standard "hacksaw blade" and specifically incorporate a wave pattern blade, which is

now offered across all Accused Products manufactured and sold by Defendant. *See* Exhibit 4, ¶ [0011].

17. Then, in or around August 2021, SleekEZ learned that Defendant had renamed certain of the Accused Products under the brand name "EasyGroomer", which is confusingly similar to the "EZ" brand incorporated in SleezEZ's company and product name. *See* Exhibit 2. Defendant's renaming of the Accused Products was both alarming and damaging to SleekEZ, particularly in light of its Federal Trademark Registration Nos. 4,913,415 and 5,987,404, both of which incorporate the "EZ" brand. Plaintiff's exclusive rights to the use of "SleekEZ" under the common law and Federal Trademark Registration No. 4,913,415 (*see* Exhibit 5) are collectively referred to as "the SLEEKEZ Mark." SleekEZ has not authorized or consented to Defendant's use of the SLEEKEZ Mark or any derivation of the term "Easy" in connection with the Accused Products or any other products in International Class 21.

18. At no time has Defendant suspended or otherwise mitigated its infringing conduct through e-commerce platforms. Upon information and belief, Defendant actually ramped up manufacturing and offers for sale of the Accused Products after receiving SleekEZ's notice of infringement in 2015, and has since modified its product to benefit from both the significant good will in the SLEEKEZ Mark and the exclusive rights to the inventions of the '250 Patent.

19. Defendant's willfully infringing activity has occurred and continues to occur within the State of Colorado, resulting in sales of the Accused Products to consumers residing in Colorado. As outlined below, SleekEZ has been permanently and irreparably harmed by Defendant's willful conduct.

5

## V.  PLAINTIFF'S CAUSES OF ACTION

### COUNT ONE
### (Federal Patent Infringement, U.S. Patent No. 9,474,250)

20. SleekEZ realleges and incorporates by reference the allegations contained in Paragraphs 1-19 above.

21. Defendant's activities in making, using, selling and/or offering to sell in the United States and/or importing into the United States the Accused Products constitutes direct infringement of the '250 Patent in violation of 35 U.S.C. § 271(a).

22. Defendant's actions of making, having made, importing, using or selling products which infringe the '250 Patent have been, and are, willful, deliberate and/or in conscious disregard of SleekEZ's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling SleekEZ to an award of its attorney's fees and treble damages.

23. Defendant's infringement of the '250 Patent has caused and will continue to cause damage to SleekEZ in an amount to be ascertained at trial.

24. Defendant's infringement of the '250 Patent has caused and will continue to cause irreparable injury to SleekEZ, to which there exists no adequate remedy at law.  Defendant's infringement of the '250 Patent will continue unless enjoined by this Court.

### COUNT TWO
### (Trademark Infringement)
### 15 U.S.C. §§ 1114 and 1125(a)(1)(a)

25. SleekEZ realleges and incorporates by reference the allegations contained in Paragraphs 1-24 above.

26. SleekEZ has registered "SLEEKEZ" with United States Patent and Trademark Office, which appears on the principal register as U.S. Registration Number 4,913,415.

27. The SLEEKEZ Mark, which is owned exclusively by SleekEZ, is a valid and subsisting trademark in full force and effect.

28. Defendant willfully and knowingly used and continues to infringe upon the SLEEKEZ Mark in interstate commerce for purposes of selling grooming products bearing the SLEEKEZ Mark, throughout the United States, without SleekEZ's consent.

29. Defendant is not authorized to use the SLEEKEZ Mark in any manner.

30. Defendant's unauthorized sale of products bearing the SLEEKEZ Mark is likely to cause confusion, cause mistake, or deceive consumers. Defendant's unauthorized sale of products bearing the SLEEKEZ Mark is also likely to cause confusion, cause mistake, or deceive consumers because it suggests that Defendant is somehow affiliated with or sponsored by SleekEZ.

31. Defendant's unauthorized use of the SLEEKEZ Mark has infringed upon and materially damaged the value of the SLEEKEZ Mark, and has caused significant damage to SleekEZ and its business relationships.

32. As a proximate result of Defendant's actions, SleekEZ has suffered, and continues to suffer, damages, including, but not limited to, loss of business, goodwill, reputation, and profits in an amount to be proven at trial.

33. SleekEZ is entitled to recover its damages caused by Defendant's infringement of the SLEEKEZ Mark and disgorge Defendant's profits from its willfully infringing sales and unjust enrichment.

34. SleekEZ is entitled to injunctive relief under 15 U.S.C. § 1116 because it has no adequate remedy of law for Defendant's infringement and, unless Defendant is permanently enjoined, SleekEZ will suffer irreparable harm.

35. SleekEZ is entitled to injunctive relief under 15 U.S.C. § 1117(a) because Defendant has willfully, intentionally, maliciously, and in bad faith infringed on the SLEEKEZ Mark

**COUNT THREE**
**(False Advertising)**
**15 U.S.C. § 1125(a)(1)(b)**

36. SleekEZ realleges and incorporates by reference the allegations contained in Paragraphs 1-35 above.

37. Defendant's advertisement and promotion of its products unlawfully using the SLEEKEZ Mark has been disseminated to the relevant purchasing public. Defendant's unauthorized use of the SLEEKEZ Mark in advertising, and otherwise, infringes on the SLEEKEZ Mark.

38. Defendant has used, and continues to use, the SLEEKEZ Mark to falsely advertise that the products and they sell, including false advertising that the products they sell are associated or affiliated with SleekEZ and/or are made and sold under the SLEEKEZ Mark. The products Defendant sells bearing the SLEEKEZ Mark are not authorized for sale by SleekEZ.

39. Defendant uses of the SLEEKEZ Mark in connection with the unauthorized advertising, promotion, and sale of products bearing the SLEEKEZ Mark misrepresents the nature, characteristics, qualities, and origin of Defendant's products because it suggests that the products are those of SleekEZ or are sold under the license from SleekEZ.

40. Defendant's unauthorized use of the SLEEKEZ Mark in connection with the unauthorized advertising, promotion, and sale of products bearing the SLEEKEZ Mark is likely to cause confusion, cause mistake, or deceive consumers because it suggests that Defendant is sponsored, authorized, or otherwise connected with SleekEZ.

41. Defendant's unauthorized and deceptive use of the SLEEKEZ Mark is material and likely to influence customers to purchase the products they sell, as consumers are likely to believe that products Defendant advertise using the SLEEKEZ Mark are SleekEZ's products.

42. As a proximate result of Defendant's actions, SleekEZ has suffered, and will continue to suffer, damage to its business, goodwill, reputation, and profits in an amount to be proven at trial.

43. SleekEZ is entitled to recover its damages caused by Defendant's infringement of the SLEEKEZ Mark and disgorge Defendant's profits from its willfully infringing sales and unjust enrichment.

44. SleekEZ is entitled to injunctive relief under 15 U.S.C. § 1116 because it has no adequate remedy at law for Defendant's infringement and unless Defendant is permanently enjoined, SleekEZ will suffer irreparable harm.

45. SleekEZ is entitled to enhanced damages and attorney's fees under 15 U.S.C. § 1117(a) because Defendant has willfully, intentionally, maliciously, and in bad faith infringed on the SLEEKEZ Mark.

**COUNT FOUR**
**Unfair Competition**
**15 U.S.C. § 1125(a)**

46. SleekEZ realleges and incorporates by reference the allegations contained in Paragraphs 1-45 above.

47. Defendant has willfully and knowingly used, and continues to use, the SLEEKEZ mark in interstate commerce for purpose of selling Defendant's product without SleekEZ's consent.

48. The products Defendant advertises and sells bearing the SLEEKEZ Mark are not authorized for sale by SleekEZ.

49. The products Defendant advertises and sells bearing the SLEEKEZ Mark do not abide by and interfere with SleekEZ's quality controls and/or requirements, as those products are materially different from SleekEZ's original and genuine grooming products.

50. Defendant's unauthorized advertisement and sale of products bearing the SLEEKEZ Mark is likely to cause confusion, cause mistake, or deceive consumers because it suggests that the products Defendant offers originate from SleekEZ and/or are of the same quality as the products originating from SleekEZ.

51. Defendant's unauthorized advertisement and sale of products bearing the SLEEKEZ Mark is likely to cause confusion, cause mistake, or deceive consumers because it suggests that Defendant is sponsored by, authorized by, or otherwise connected with SleekEZ.

52. Defendant's unauthorized use of the SLEEKEZ Mark has infringed upon and materially damaged the value of the SLEEKEZ Mark and caused significant damage to SleekEZ's business relationship.

53. As a proximate result of Defendant's actions, SleekEZ has suffered, and will continue to suffer, damages to its business, goodwill, reputation, and profits in an amount to be proven at trial.

54. SleekEZ is entitled to recover its damages caused by Defendant's unfair competition, including infringement of the SLEEKEZ Mark, and disgorge Defendant's profits from its willfully acts of unfair competition.

55. SleekEZ is entitled to injunctive relief under 15 U.S.C. § 1116 because it has no adequate remedy at law for Defendant's infringement and, unless Defendant is permanently enjoined, SleekEZ will suffer irreparable harm.

56. SleekEZ is entitled to enhanced damages and attorney's fees under 15 U.S.C. § 1117(a) because Defendant has willfully, intentionally, maliciously, and in bad faith infringed on the SLEEKEZ Mark.

## COUNT FIVE
### Trademark Infringement – Common Law

57. SleekEZ realleges and incorporates by reference the allegations contained in Paragraphs 1-56 above.

58. Defendant's acts, as described above, have caused and are likely to cause confusion or mistake or to deceive customers as to the affiliation, connection or association of Defendant with SleekEZ, or as to the origin, sponsorship or approval of Defendant's goods, services or commercial activities in violation of the common law of Colorado.

59. Defendant's acts of infringement have caused both irreparable harm and monetary damages to SleekEZ in an amount that cannot be ascertained at this time. Still, monetary damages alone are not adequate to fully address Defendant's infringement.

60. Defendant's acts of infringement and unfair competition in the State of Colorado have been willful and undertaken with the specific intent to misappropriate the goodwill and reputation associated with SleekEZ and its products.

61. As a proximate result of Defendant's actions, SleekEZ has suffered, and continues to suffer, damages in an amount to be proven at trial.

## VI.    PRAYER FOR RELIEF

WHEREFORE, SleekEZ requests that judgment be entered in its favor and against Defendant as follows:

1. Declaration that Defendant has infringed U.S. Patent No. 9,474,250;

2. Issuing temporary, preliminary, and permanent injunctions enjoining Defendant, its officers, agents, subsidiaries, and employees, and those in privity with or that act in concert with any of the foregoing, from:

> A. further infringing U.S. Patent No. 9,474,250, pursuant to 35 U.S.C. § 283, by importing, making, having made, offering for sale or selling the Accused Products;
>
> B. engaging in any other act or thing likely to confuse, mislead or deceive others into believing that Defendant, or its products, are connected with or sponsored, licensed or approved by SleekEZ; and
>
> C. engaging in any other activity constituting unfair competition with SleekEZ, or constituting an infringement or misappropriation of SleekEZ's exclusive rights.

3. Declaring that the SLEEKEZ Mark is protectable and infringed by Defendant;

4. Declaring that Defendant has infringed U.S. Trademark Registration No. 4,913,415;

5. Declaring that Defendant's infringement was knowing, intentional, and willful;

6. Issuing temporary, preliminary, and permanent injunctions enjoining Defendant, its officers, agents, subsidiaries, and employees, and those in privity with or that act in concert with any of the foregoing, from:

      A.    using the "SLEEKEZ" name (including in connection with the promotion, marketing, advertising, and sale of products), any colorable imitation thereof, or any otherwise confusingly similar mark;

      B.    engaging in any other act or thing likely to confuse, mislead or deceive others into believing that Defendant, or its products, are connected with, sponsored by or approved by Plaintiff; and

      C.    engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of Plaintiff's rights in and to the SLEEKEZ Mark.

7.    Ordering that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendant bearing or using the SLEEKEZ Mark, or any colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, be delivered to Plaintiff for destruction pursuant to 15 U.S.C. § 1118;

8.    Ordering Defendant, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve on Plaintiff's counsel within 30 days after service of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

9.    For an accounting of all profits derived from Defendant's infringement of Plaintiff's SLEEKEZ Mark, at Defendant's expense;

10.    For disgorgement of all revenue and profits from Defendant's unlawful conduct, including an award of damages available under 15 U.S.C. §§ 1117 and 1125, and further including for Defendant's willful violation of § 43(a);

11. Ordering that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendant bearing or referring to the Accused Products, or any colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, be delivered to SleekEZ for destruction;

12. For an accounting of all profits derived from Defendant's unlawful conduct, including infringement of the '250 Patent, at Defendant's expense, and trebling those damages;

13. Awarding SleekEZ damages arising out of Defendant's infringement of the '250 Patent in an amount no less than a reasonable royalty for each act of infringement, pursuant to 35 U.S.C. § 284, and trebling those damages;

14. Finding that this is an "exceptional case" within the meaning of 35 U.S.C. § 285 and awarding reasonable attorneys' fees to SleekEZ;

15. For exemplary and/or punitive damages;

16. For an award of costs as the prevailing party;

17. For recovery of pre-judgment and post-judgment interest to the extent applicable; and

18. For such other relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, SleekEZ demands a trial by jury on all issues so triable.

Dated: January 19, 2022        Respectfully Submitted,


                               By: */s/Ian R. Walsworth*
                                   Ian R. Walsworth
                                   FISHERBROYLES, LLP
                                   1400 16th Street
                                   16 Market Square, Suite 400
                                   Denver, CO 80202
                                   Ian.Walsworth@fisherbroyles.com
                                   (303) 803-6158

                                   *Attorneys for Plaintiff SleekEZ LLC*


Plaintiff's Address:
2421 Old Hardin Road
Billings, Montana 59101