**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

SLEEKEZ, LLC

        Plaintiff

v.

EQUIGROOMER, LLC

        Defendant

Civil Case No. 1:22-cv-00149

**DEFENDANT EQUIGROOMER'S MOTION TO DISMISS**

Defendant EquiGroomer, LLC ("Defendant EquiGroomer") hereby moves the Court to dismiss Plaintiff SleekEZ, LLC's ("Plaintiff SleekEZ") Complaint for lack of personal jurisdiction pursuant to Fed. R. of Civ. P. 12(b)(2), for improper venue pursuant to Fed. R. of Civ. P. 12(b)(3), and for insufficient service of process pursuant to Fed. R of Civ. P. 12(b)(5).

If the Court decides against dismissal of this action, Defendant EquiGroomer requests, in the alternative, to transfer this action to the District of Connecticut pursuant to 28 U.S.C. §§ 1404(a) and 1406(a).

1.      Plaintiff SleekEZ's Complaint was filed on January 19, 2022 (Dkt. 1). The Complaint alleges five counts as follows:

    (I)    infringement of U.S. Patent No. 9,474,250 under 35 U.S.C. § 271(a);

    (II)    infringement of the mark "SLEEKEZ" under 15 U.S.C. §§ 1114 and 1125(a)(1)(a);

1

(III)   false advertising under 15 U.S.C. § 1125(a)(1)(b);

(IV)   unfair competition under 15 U.S.C. § 1125(a); and

(V)    infringement of the mark "SLEEKEZ" under common law.

2. Plaintiff SleekEZ alleges that this Court has personal jurisdiction over Defendant EquiGroomer because, allegedly, Defendant EquiGroomer has committed acts complained of in this district and conducts substantial business in this district through retail stores, including through two different websites.  (Dkt. 1, p. 2).

3. However, Defendant EquiGroomer is not subject to personal jurisdiction in this district.  Defendant EquiGroomer does not have sufficient contacts with this district to satisfy the Constitutional requirements for due process permitting this Court to exercise general or specific jurisdiction over Defendant EquiGroomer for any of Counts I-V.  Defendant EquiGroomer is organized under the laws of the State of Connecticut, with a place of business at 60 Belamose Ave, Rocky Hill, CT, 06067-3773.  Defendant EquiGroomer does not have or maintain a place of business in Colorado, and Plaintiff does not allege otherwise.  Defendant EquiGroomer does not own or rent any property in Colorado or have any employees in Colorado.  Defendant EquiGroomer does not conduct substantial business in Colorado.  While Defendant EquiGroomer's products may eventually reach customers in Colorado, either directly or indirectly through a distributor, the sales volume is a miniscule percentage of Defendant's total sales volume and does not support a finding of general or specific jurisdiction.

4. Plaintiff SleekEZ alleges that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.  (Dkt. 1, p. 2).

5.  Pursuant to 28 U.S.C. § 1400(b), patent infringement actions "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

6.  As outlined above, Count I of the Complaint is a patent infringement claim and Defendant EquiGroomer does not reside in Colorado or have a regular and established place of business in Colorado. Thus, Colorado is an improper venue for at least Count I.

7.  With respect to Counts II-V asserting trademark infringement and unfair competition, venue is governed by the general venue statute 28 U.S. C. § 1391(b) and (c) and extends to any judicial district in which such defendant resides or where the Defendant EquiGroomer is subject to personal jurisdiction with respect to the civil action in question. As outlined by the facts above, Defendant does not reside in Colorado and does not have sufficient contacts with the State to be subject to personal jurisdiction in the State.

8.  With respect to all Counts I-V, Defendant is an LLC organized and existing in the State of Connecticut. Therefore, service of process on the Secretary of State of New Hampshire is insufficient and ineffective to bring the Defendant within the jurisdiction of the Court.

9.  For the reasons stated herein, and for the reasons set forth in Defendant EquiGroomer's Brief in Support of Motion to Dismiss submitted herewith, Defendant EquiGroomer requests that this Court dismiss Counts I-V of this action for lack of personal jurisdiction over Defendant EquiGroomer, improper venue, and insufficiency of service. Alternatively, Defendant EquiGroomer requests that this case and all Counts therein be

transferred to the District of Connecticut in the interest of justice and for the convenience of the parties, pursuant to either 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a).

Respectfully submitted this 7th day of April, 2022.

                               By:    s/ *Martha L. Fitzgerald*_____

Martha L. Fitzgerald
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202
(303) 223-1472
MFitzgerald@BHFS.com

*Counsel for Defendant EquiGroomer, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of April, 2022, a copy of the foregoing has been served upon the following counsel of record for Plaintiff SleekEZ via the Court's ECF email system:

Ian R. Walsworth
FisherBroyles, LLP
1400 16th Street
16 Market Square, Suite 400
Denver, CO 80202
Ian.Walsworth@fisherbroyles.com
(303) 803-6158

*Counsel for Plaintiff SleekEZ, LLC*

By:   s/ *Martha L. Fitzgerald*_____
       Martha L. Fitzgerald

24014799.1