**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

SLEEKEZ, LLC

        PLAINTIFF

   v.

EQUIGROOMER, LLC

        DEFENDANT

Civil Case No. 1:22-cv-00149

**DEFENDANT EQUIGROOMER'S BRIEF**
**IN SUPPORT OF MOTION TO DISMISS**

24014770.3

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................. 1

II.  PROCEDURAL HISTORY.................................................................................. 1

III. THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT
     EQUIGROOMER .............................................................................................. 2

IV.  IMPROPER VENUE.......................................................................................... 9

     A.   Colorado Is An Improper Venue To Adjudicate Count I ...................... 9

     B.   In The Alternative, Defendant Requests Transfer Of Count I To The
          District Of Connecticut ...................................................................... 11

     C.   If Count I Is Transferred, Counts II-V Should Also Be Transferred Under
          § 1404(a) ............................................................................................. 11

V.   INSUFFICIENT SERVICE OF PROCESS.................................................... 14

VI.  CONCLUSION................................................................................................ 14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*AFTG-TG, LLC v. Nuvoton Tech. Corp.*,
    689 F.3d 1358 (Fed. Cir. 2012)...............................................................2

*Barksdale v. Connaghan*,
    No. 10-cv-02491-CMA-CBS, 2011 U.S. Dist. LEXIS 92214, 2011 WL
    3664382 (D. Colo. July 28, 2011)..........................................................14

*Behagen v. Amateur Basketball Ass'n*,
    744 F.2d 731 (10th Cir. 1984) ...............................................................2

*Benton v. Cameco Corp.*,
    375 F.3d 1070 (10th Cir. 2004) .............................................................3

*Birch v. Sprint/Nextel Corp.*,
    Civil Action No. 15-cv-01901-REB-KLM, 2016 U.S. Dist. LEXIS 188453 (D.
    Colo. May 17, 2016) ..............................................................................14

*Burger King v. Rudzewicz*,
    471 U.S. 462 (1985)..............................................................................3, 6

*Chrysler Credit Corp. v. Country Chrysler, Inc.*,
    928 F.2d (10th Cir. 1991) .....................................................................12

*Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017) ......................................10

*Daimler v. Bauman*,
    134 S. Ct. 746 (2014).............................................................................2, 3

*Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*,
    618 F.3d 1153 (10th Cir. 2010) .........................................................12, 13

*Evans v. Union Pacific Railroad Co.*,
    Civil Action No. 13-cv-1732-WJM-BNB, 2014 U.S. Dist. LEXIS 44394 (D.
    Colo. Apr. 1, 2014) ...............................................................................12

*Maxchief Investments, Ltd. v. Plastic Development Group, LLC*,
    Docket No. 3:16-cv-63, 2017 U.S. Dist. LEXIS 128432 (E.D. Tenn. Aug. 14,
    2017) ......................................................................................................9

*Old Republic Ins. Co. v. Continental Motors, Inc.*,
   877 F.3d 895 ............................................................................................................7, 8

*Otter Products, LLC et al v. Big Birds, LLC et al*
   Civ. Action No. 1:19 00626 (DME) (KLM) 2019 WL 13102793 (D. Colo.
   Aug. 9, 2019) ....................................................................................................................6

*PopSockets LLC v. Online King LLC*,
   Civil Action No. 19-cv-01277-CMA-NYW, 2019 U.S. Dist. LEXIS 221214
   (D. Colo. Dec. 23, 2019)..................................................................................................3

*Shrader v. Biddinger*,
   633 F.3d 1235 (10th Cir. 2011) ....................................................................................4, 7

*TC Heartland* LLC v. *Kraft Food Brands Group, LLC*, 137 S. Ct. 1514 (2017 ............................9

*Texas Eastern Transmission Corp. v. Marine Office–Appleton & Cox Corp.*,
   579 F.2d (10th Cir. 1978) ..............................................................................................12

*Volkswagen Group of America*, Docket Nos. 2022-108, 2022-109, 2022 U.S.
   App. LEXIS 6094 (Fed. Cir. Mar. 9, 2022).................................................................10

*Walden v. Fiore*,
   134 S. Ct. 1115 (2014)....................................................................................................2

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980)........................................................................................................8

**Statutes**

15 U.S.C. § 1114....................................................................................................................1

15 U.S.C. § 1125(a) ...............................................................................................................1

15 U.S.C. § 1125(a)(1)(a) ......................................................................................................1

15 U.S.C. § 1125(a)(1)(b) ......................................................................................................1

28 U.S.C. 1391(c) ..................................................................................................................9

28 U.S.C. § 1400(b) ...............................................................................................................9

28 U.S.C. § 1404(a) .......................................................................................................1, 12, 13

28 U.S.C. § 1406(a) .......................................................................................................1, 11

35 U.S.C. § 271(a) ....................................................................................................................1

Colo. Rev. Stat. §§ 13-1-124, -125 (1973) ................................................................................2

**Other Authorities**

Fed. R. Civ. P. 12(b)(2)......................................................................................................1, 8, 14

Fed. R. Civ. P. 12(b)(3)....................................................................................................1, 11, 14

Fed. R. Civ. P. 12(b)(5)........................................................................................................1, 14

U.S. Patent No. 9,474,250......................................................................................................1

## I.  Introduction

Defendant EquiGroomer, LLC ("Defendant EquiGroomer" or "EquiGroomer") hereby submits this Brief in Support of Defendant's Motion to Dismiss with an accompanying Declaration of Cheryl Dauphin submitted herewith as Exhibit A.  Defendant EquiGroomer respectfully requests the Court dismiss this action for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), for improper venue pursuant to Fed. R. Civ. P. 12(b)(3), and for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5).

If the Court decides against dismissal of this action, Defendant EquiGroomer requests, in the alternative, to transfer this action to the District of Connecticut pursuant to 28 U.S.C. §§ 1404(a) and 1406(a).

## II.  Procedural History

On January 19, 2022, Plaintiff SleekEZ, LLC ("Plaintiff SleekEZ" or "SleekEZ") filed a Complaint with Jury Demand in this Court asserting the following five counts:

(I)      infringement of U.S. Patent No. 9,474,250 under 35 U.S.C. § 271(a);

(II)     infringement of the mark "SLEEKEZ" under 15 U.S.C. §§ 1114 and
         1125(a)(1)(a);

(III)    false advertising under 15 U.S.C. § 1125(a)(1)(b);

(IV)     unfair competition under 15 U.S.C. § 1125(a); and

(V)      infringement of the mark "SLEEKEZ" under common law.

In the present motion, Defendant EquiGroomer challenges the personal jurisdiction of this Court to adjudicate Counts I-V and also the venue for this Court to adjudicate Count I. Further, Defendant EquiGroomer respectfully submits that Plaintiff SleekEZ has provided

1

insufficient service of the Complaint on Defendant EquiGroomer.  Defendant EquiGroomer requests that the Court grant the present motion and dismiss Counts I-V, or, in the alternative, transfer Counts I-V to the District of Connecticut in the interest of justice.

### III.  The Court Lacks Personal Jurisdiction Over Defendant EquiGroomer
### To Adjudicate Counts I-V

The plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984).  Colorado's long-arm statute permits service of process outside Colorado upon any person subject to the jurisdiction of the courts of Colorado.  Colo. Rev. Stat. §§ 13-1-124, -125 (1973).  "In enacting the long-arm statute, the Colorado legislature intended to extend the jurisdiction of Colorado courts to the fullest extent permitted by the due process clause of the United States Constitution."  *Behagen* at 733 citing *Waterval v. District Court*, 620 P.2d 5, 8 (Colo. 1980), cert. denied, 452 U.S. 960, 69 L. Ed. 2d 971, 101 S. Ct. 3108 (1981).

Personal jurisdiction may be exercised over a defendant as general jurisdiction *Daimler v. Bauman*, 134 S. Ct. 746, 754 (2014) or specific jurisdiction *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1360 (Fed. Cir. 2012).  General jurisdiction has not been alleged and is not at issue in this case.  Specific jurisdiction is limited to claims that arise from "an 'activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Walden v. Fiore*, 134 S. Ct. 1115, 1121, fn. 6 (2014) quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S., 131 S. Ct. 2846, 2851 (2011).  All specific jurisdiction inquiries require a defendant to have sufficient minimum contacts with the forum

state and that the exercise of jurisdiction must not violate traditional notions of fair play and substantial justice." *Daimler*, 134 S. Ct. at 754.

In order to establish specific jurisdiction in a forum, a plaintiff must satisfy two requirements. *PopSockets LLC v. Online King LLC*, Civil Action No. 19-cv-01277-CMA-NYW, 2019 U.S. Dist. LEXIS 221214, at *7 (D. Colo. Dec. 23, 2019). Specifically, the plaintiff must show that: (1) the defendant purposefully directed its activities towards the forum state; and (2) the litigation is a result of injuries that "arise out of or relate to" defendant's contacts with the forum state. *Id.* at *7 citing *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985) and *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004).

In this case, Defendant EquiGroomer does not have sufficient contacts with this judicial district to support a finding that this Court has general or specific jurisdiction over Defendant EquiGroomer to adjudicate any of Counts I-V. Defendant EquiGroomer is organized under the laws of Connecticut, with a place of business at 60 Belamose Ave, Rocky Hill, CT, 06067-3773. (Ex. A, ¶ 2). Defendant EquiGroomer does not have or maintain a place of business in Colorado, or own or rent any property in Colorado (Ex. A, ¶ 3), and Plaintiff SleekEZ does not allege otherwise. All of Defendant EquiGroomer's manufacturing is performed in Connecticut, Massachusetts and/or New Hampshire, and no manufacturing is performed in Colorado. (*Id.*). Defendant EquiGroomer does not have any employees that reside or work in Colorado. (Ex. A, ¶ 4).

Plaintiff SleekEZ alleges that the Court has personal jurisdiction over Defendant EquiGroomer because Defendant EquiGroomer has committed acts complained of in this district and conducts substantial business in this district through sales in Colorado, including through

3

retail stores, such as websites like www.equigroomer.com and www.amazon.com[1].  (Cmpl, ¶ 6).

When a defendant is conducting business via the internet, the Court must place "emphasis on the

internet user or site *intentionally directing* his/her/its activity or operation *at* the forum state

rather than just having the activity or operation accessible there."  *Shrader v. Biddinger*, 633

F.3d 1235, 1240 (10th Cir. 2011), (emphasis in original).  Thus, even if a defendant operates a

website and uses the website to make products available throughout the United States, such

operation does not demonstrate any type of contact directed to Colorado specifically.  Defendant

EquiGroomer's websites are directed to the world at large with no specific aim or focus at

Colorado (Ex. A, ¶ 5); thus, there has been no "purposeful direction" of activities by

EquiGroomer here.

Further, Defendant EquiGroomer does not conduct substantial business in Colorado;

there is no significant course of dealing in this District.  (Ex. A, ¶ 5).  While sales of Defendant

EquiGroomer's products may reach customers in Colorado, such sales volume is not a

substantial percentage of Defendant EquiGroomer's total sales and does not support a finding of

general or specific jurisdiction.  Rather, Defendant EquiGroomer sells products globally to

approximately seventy five (75) third party distributors and retailers.  (*Id*.).  Only two (2) of

those approximately seventy five (75) third party distributors and retailers are located in

Colorado (collectively hereinafter "the two Colorado Third Party Retailers").  (*Id*.).  The

following is a table identifying the approximate percentage of Defendant EquiGroomer's retailer

---

[1] https://www.amazon.com/s?me=A3L463AT7C12NG&marketplaceID=ATVPDKIKX0DER

4

total annual sales[2] revenue that is attributed to sales to the two Colorado Third Party Retailers for

the years 2017-2022:

| Year | Approximate % of Retailer Total Sales to the Two Colorado Third Party Retailers |
|---|---|
| 2017 | 0.60% |
| 2018 | 0.41% |
| 2019 | 1.71% |
| 2020 | 0.39% |
| 2021 | 0.19% |
| 2022 (as of March 23, 2022) | 0.63% |

(*Id.*).

As seen in the above table, the retailer sales revenue attributable to sales to the two

Colorado Third Party Retailers is marginal.

The following table identifies the approximate percentage of direct sales to Colorado

customers:

| Year | Approximate % of Direct Sales to Colorado Customer Sales |
|---|---|
| 2017 | 1.29% |
| 2018 | 1.77% |
| 2019 | 1.73% |

---

[2] Sales to Colorado customers through the internet or otherwise by other third party retailers not located in Colorado, including Amazon, are permitted, but are not included in the table.

5

| | |
|---|---|
| 2020 | 1.07% |
| 2021 | 1.20% |
| 2022<br>(as of March 30, 2022) | 1.01% |

(Ex. A, ¶ 7).

The following table identifies the approximate percentage of total sales shipped to Colorado by EquiGroomer (third party retailer and direct):

| Year | Approximate % of Direct Sales to Colorado Customer Sales |
|---|---|
| 2017 | 0.66% |
| 2018 | 0.51% |
| 2019 | 1.72% |
| 2020 | 0.42% |
| 2021 | 0.23% |
| 2022 | 0.72% |

(Ex. A, ¶ 8).

Therefore, Plaintiff SleekEZ cannot show that Defendant EquiGroomer purposefully directed its activities towards Colorado and that this litigation is a result of injuries that "arise out of or relate to" Defendant EquiGroomer's contacts with Colorado as required by *Burger King*.

Even if the plaintiff could satisfy the minimum contacts test (which it cannot), the exercise of personal jurisdiction over EquiGroomer here would "[o]ffend traditional notions of fair play and substantial justice." *Otter Products, LLC et al v. Big Birds, LLC et al* Civ. Action No. 1:19 00626 (DME) (KLM) 2019 WL 13102793 at *4 (D. Colo. Aug. 9, 2019)(citing *Old*

6

*Republic Ins. Co. v. Continental Motors, Inc.*, 877 F.3d 895, 908-09) and *Shrader*, 633 F. 3d at 1240. *Old Republic* sets out five relevant factors for the Court to consider whether the exercise of personal jurisdiction would violate the due process protection afforded by the "fair play and substantial justice" standard:

> (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) and shared interest of the several states in furthering fundamental social policies.

Application of these factors mitigates against the maintenance of an action here. First, the burden to EquiGroomer of defending itself in Colorado, a significant distance from its New England operations, is substantial. Its headquarters and manufacturing operations, are, in Connecticut and Massachusetts/New Hampshire, as explained above. No employees reside in Colorado, no distribution warehouses, property, nor offices are here. (See generally Ex. A). Witness interviews and preparation, travel to Colorado, and other associated litigation expenses would be unnecessarily incurred if the action proceeds here. Further, Plaintiff SleekEZ is not even located in Colorado (Cmpl, ¶ 1). As to the second factor, Colorado does not have any particular interest in resolving this dispute. Again, the plaintiff is not located here, so there is no interest in Colorado's protecting one of its own businesses or citizens. Any sales to Colorado entities are even less than *de minimus*. (Ex. A at ¶ 5). The Plaintiff SleekEZ does not plead any real impact to Colorado residents through its allegations, stating that "upon information and belief" the products at issue have been sold to consumers in Colorado. (Cmpl. ¶ 14).

The third *Old Republic* factor relates to the plaintiff's interest in receiving "convenient and effective relief." SleekEZ has made absolutely no showing nor has it even pled that any

relief sought in Colorado would be more effective than any rendered in EquiGroomer's principal place of business. And certainly under no scenario could Colorado be a more "convenient" forum for obtaining relief, as neither of the parties, much less witnesses, is even located in this jurisdiction.  (*See infra* Section IV (c)(discussing improper venue)).  Factor four of the *Old Republic* analysis addresses the interest of the interstate judicial system in obtaining the most efficient resolution of the controversy.  Again, it strains credulity that Colorado would be a more "efficient" location for this litigation than Connecticut or even Massachusetts or New Hampshire, and certainly District Courts are sufficiently overburdened that it only makes sense that matters should be filed in a District with more compelling contacts than those found here, on either side. The final factor, the "shared interest of the several states in furthering fundamental social policies," implicates longstanding shared interests and considerations of fair play and substantial justice.  EquiGroomer has not conducted meaningful business in Colorado, nor has it availed itself of the laws of Colorado such that it could reasonably expect to be haled into court in this jurisdiction, and if it were, such assertion of jurisdiction would offend constitutional protections.  See *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

Accordingly, this Court lacks personal jurisdiction to adjudicate Counts I-V against Defendant EquiGroomer, and it therefore respectfully requests that this Court dismiss this action for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

## IV.  Improper Venue

### A.  Colorado Is An Improper Venue To Adjudicate Count I

Colorado is an improper venue to adjudicate Count I of the Complaint.  The United States Supreme Court unequivocally held that 28 U.S.C. § 1400(b) is the sole and exclusive provision governing venue in patent infringement actions and is not to be supplemented by 28 U.S.C. § 1391(c).  *TC Heartland* LLC v. *Kraft Food Brands Group, LLC*, 137 S. Ct. 1514 (2017).  Pursuant to 28 U.S.C. § 1400(b), venue is only proper for a patent infringement action where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

The United States Supreme Court holds that the word "resides" in § 1400(b) means the state of incorporation of a domestic corporation.  Accordingly, a domestic corporation resides only in its state of incorporation for purposes of the patent venue statute.  Non-incorporated entities, such as LLCs, have been treated the same by courts for the purposes of § 1400(b).[3] Defendant EquiGroomer is organized under the laws of Connecticut.  Defendant EquiGroomer is not organized or incorporated in Colorado and, thus, does not reside in Colorado for the purposes of § 1400(b).

Further, the Court of Appeals for the Federal Circuit has clarified that the regular and established place of business prong of § 1400(b) requires that: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the

---

[3] *See e.g. Maxchief Investments, Ltd. v. Plastic Development Group, LLC*, Docket No. 3:16-cv-63, 2017 U.S. Dist. LEXIS 128432, at *4 (E.D. Tenn. Aug. 14, 2017) "Now that the Supreme Court has reinforced that "residence" for corporate defendants in a patent infringement case is limited to the state of incorporation, Maxchief is hard-pressed to present a reason why unincorporated associations should be treated differently. Indeed, the language of § 1400(b) refers to a "defendant" and is not limited only to corporate defendants."

24014770.3

place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).  Defendant

EquiGroomer does not maintain a regular and established place of business in Colorado.  In fact,

Plaintiff SleekEZ does not allege Defendant EquiGroomer has <u>any</u> physical place of business in

Colorado.  Plaintiff SleekEZ alleges Defendant EquiGroomer conducts business through "retail

stores" (Cmpl, ¶ 6), but does not identify any physical retail stores in Colorado that belong to

Defendant EquiGroomer.  Rather, Plaintiff SleekEZ merely points to two internet website

storefronts (*id.*), which are not physical places of business.  As outlined above in connection with

the argument against personal jurisdiction, Defendant EquiGroomer does not have a place of

business in Colorado or have any employees that work or reside in Colorado.  (Ex. A, ¶¶ 3-4).

      While products sold by Defendant EquiGroomer may be delivered in Colorado, such

sales do not constitute a place of business in Colorado that belongs to Defendant EquiGroomer.

The Federal Circuit recently held that in some circumstances even a franchisor's rights or control

with respect to franchisees that have physical, regular and established places of business within a

district does not provide the necessary control under established agency law to support a finding

that the franchisee's place of business is of the defendant's.  *In re Volkswagen Group of*

*America*, Docket Nos. 2022-108, 2022-109, 2022 U.S. App. LEXIS 6094, at *22 (Fed. Cir. Mar.

9, 2022).  In the present case, Defendant EquiGroomer has no control over its third party retailers

that sell or deliver Defendant EquiGroomer's products in Colorado (Ex. A, ¶ 6), which is even

less rights than a franchisor has with respect to a franchisee.  Defendant EquiGroomer sells its

products to customers or distributors in Colorado, but does not control how these entities do

business on a day-to-day basis at any physical place in Colorado.

Section 1406(a) provides that a court *shall* dismiss any civil action filed in the "wrong division or district." Accordingly, Defendant EquiGroomer respectfully requests the Court grant this motion and dismiss Count I of this action pursuant to 28 U.S.C. § 1406(a) and Fed. R. Civ. P. 12(b)(3) for improper venue. There can be no dispute that Defendant EquiGroomer does not reside in Colorado or maintain a place of business in Colorado.

### B.  In The Alternative, Defendant Requests Transfer Of Count I To The District Of Connecticut

Pursuant to 28 U.S.C. § 1406(a), a court is permitted to, "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Defendant EquiGroomer has a place of business in Connecticut, potential witnesses for Defendant EquiGroomer are available to testify in Connecticut, events relevant to the Plaintiff SleekEZ suit occurred in Connecticut. There would be a burden on Defendant EquiGroomer and Defendant EquiGroomer's witnesses if this suit were required to be litigated in Colorado. (Ex. A, ¶ 9). Therefore, should this Court use its discretion to transfer this case under the "in the interest of justice" clause of § 1406(a), and Defendant EquiGroomer respectfully requests that the Court transfer this action to the District of Connecticut.

### C.  If Count I Is Transferred, Counts II-V Should Also Be Transferred Under § 1404(a)

If Count I is transferred, Defendant EquiGroomer respectfully requests that this Court also transfer Counts II-V. In the interest of justice and judicial efficiency and party resources, Counts II-V should be transferred with Count I as the asserted claims arise from much of the same facts and will require much of the same witnesses and evidence.

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  The decision of whether to transfer an action lies within the sound discretion of the trial judge.  *Texas Eastern Transmission Corp. v. Marine Office–Appleton & Cox Corp.,* 579 F.2d at 567 (10th Cir. 1978).  The moving party bears the burden of showing the existing forum is inconvenient.  *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d at 1515 (10th Cir. 1991).

A two-part test assists courts in determining when transfer is proper.  First, the Court must determine whether the action could have been brought originally in the proposed transferee court.  28 U.S.C. § 1404(a) allows transfer to any other district in which the claim "might have been brought".  Second, the Court must decide whether a change of venue would serve the interests of justice by considering several factors, the most important being the Plaintiff SleekEZ's choice of forum and the convenience of witnesses and proof in the forum.  *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.,* 618 F.3d 1153, 1167 (10th Cir. 2010).  When determining whether transfer is proper, "Courts have afforded 'little' weight to the plaintiff's choice when the plaintiff does not reside in the chosen forum and there is no significant connection between the chosen forum and the cause of action."  *Evans v. Union Pacific Railroad Co.*, Civil Action No. 13-cv-1732-WJM-BNB, 2014 U.S. Dist. LEXIS 44394, at *5 (D. Colo. Apr. 1, 2014) quoting *Springer v. Union Pac. R.R. Co.*, 2009 U.S. Dist. LEXIS 35012 (D. Colo. Apr. 8, 2009) (internal citations omitted).  Further, "[t]he convenience of witnesses is the most important factor in deciding a motion under § 1404(a)."  *Emp'rs Mut. Cas. Co.*, 618 F.3d at 1169 quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993).

12

In the present case, Defendant EquiGroomer requests – in the alternative to dismissal – transfer of this action to the District of Connecticut where venue and jurisdiction are proper, satisfying the threshold requirement of § 1404(a).  With respect to the first part of the two-part test for determining whether transfer is proper, the present action undisputedly could have been brought in the District of Connecticut.

With respect to the second part of the two-part test, a change of venue in this suit would serve the interests of justice as applied to the relevant factors listed above.  There is no significant connection between the chosen forum of the District of Colorado and Counts II-V.  Defendant EquiGroomer's business is not purposely directed to the state of Colorado.  Further, key witnesses for Defendant EquiGroomer are available to testify in Connecticut and key pieces of evidence are located in Connecticut.  Furthermore, Plaintiff SleekEZ does not reside in Colorado.  Rather, the Complaint states that Plaintiff SleekEZ has a principal place of business in Montana.  (Cmpl, ¶ 1).  Thus, pursuant to *Emp'rs Mut. Cas. Co.*, the Court should provide little weight to Plaintiff SleekEZ's choice to bring this action to this forum.  Therefore, in total, the factors of this action weigh in favor of transfer.

The interests of justice factor also weighs in favor of transfer.  Thus, Defendant EquiGroomer carries its burden of showing that transfer is warranted in this case upon balancing all of the relevant factors.  Accordingly, Defendant EquiGroomer respectfully requests that this Court, in the event this Court uses its discretion to deny Defendant EquiGroomer's request for dismissal, to transfer this action to the District of Connecticut where such forum would be more convenient for the parties and witnesses, and be in the interest of justice.

## V.  Insufficient Service Of Process

This Court may dismiss the complaint for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5).  One example of insufficient service of process includes "serving the wrong person or serving an individual not authorized to accept service for a defendant."  *Birch v. Sprint/Nextel Corp.*, Civil Action No. 15-cv-01901-REB-KLM, 2016 U.S. Dist. LEXIS 188453, at *3 (D. Colo. May 17, 2016) citing *Barksdale v. Connaghan*, No. 10-cv-02491-CMA-CBS, 2011 U.S. Dist. LEXIS 92214, 2011 WL 3664382, at *2 (D. Colo. July 28, 2011).

Plaintiff SleekEZ served a copy of the Complaint with the Secretary of State of New Hampshire.  (Dkt. 12).  However, Defendant EquiGroomer is organized under the laws of Connecticut (Ex. A, ¶ 2), not New Hampshire.  Therefore, service of the Complaint with the Secretary of State of New Hampshire is an ineffective manner of serving the Complaint on Defendant EquiGroomer.  For at least this reason, Counts I-V should be dismissed.

## VI.  Conclusion

In conclusion, Defendant EquiGroomer respectfully requests that this Court grant its Motion to Dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), for improper venue pursuant to Fed. R. Civ. P. 12(b)(3), and for improper service of process pursuant to Fed. R. Civ. P. 12(b)(5).  In the alternative, Defendant EquiGroomer respectfully requests that this Court transfer this case to the District of Connecticut.

24014770.3

By:      s/ *Martha L. Fitzgerald*_____

Martha L. Fitzgerald
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202
(303) 223-1472
MFitzgerald@BHFS.com

*Attorneys for Defendant EquiGroomer,LLC*

15

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of April, 2022, a copy of the foregoing has been served upon the following counsel of record for Plaintiff via the Court's ECF email system:

Ian R. Walsworth
FisherBroyles, LLP
1400 16th Street
16 Market Square, Suite 400
Denver, CO 80202
Ian.Walsworth@fisherbroyles.com
(303) 803-6158

*Counsel for Plaintiff SleekEZ, LLC*

By: /s *Martha L. Fitzgerald*_____

   Martha L. Fitzgerald

24014770.3